CUSTODY OF THREE MINORS. January 3, 1984. *Parent and Child,* Care and protection of minor. *Minor,* Care and protection, Custody.

The mother appeals from a judgment declaring the three minor children to be in need of care and protection (G. L. c. 119, § 26) and awarding permanent custody (i.e., to age eighteen) to the Department of Social Services (Department). In 1979 the mother (having separated from the father), living in California and fearing she would abuse the three children, brought them to Massachusetts and turned them over to her mother (grandmother) and two aunts. They, in turn, asked the Department to take custody, and the Department initiated the present proceeding and was awarded temporary custody on September 20, 1979. From that time until March, 1981, the Department permitted physical custody to remain with relatives, sometimes with the grandmother and the aunts and sometimes with the father. During this period the children had substantially no contact with the mother and were subjected to highly unstable and inappropriate living conditions. Their social development and behavioral characteristics, already problems when they were first put in the Department's custody, deteriorated. From March, 1981, the Department has placed the children in foster homes, not without difficulties and relocations resulting from their formidable emotional problems and disturbed behaviors. It was not until February, 1982, that the children had found foster homes where they appeared to be experiencing stabilization and improvement. The judge found both parents to be unfit. He found that the mother's actions in 1979 and thereafter (compare *Petitions of the Dept. of Social Services to Dispense with Consent to Adoption,* 389 Mass. 793, 801 [1983]) amounted to an abandonment of the children (a conclusion which finds support in the evidence and in the judge's detailed subsidiary findings) and that the prospect, at the time of trial, of being returned to the mother caused the children's behavior to become more disturbed. Compare *Custody of a Minor,* 383 Mass. 595, 601 (1981). The father has taken no part in the court proceedings (or this appeal) and was found to have lost interest in the children.

It is apparent from the judge's findings that "the order was not motivated by inappropriate factors," *Custody of a Minor,* 389 Mass. 755, 767 (1983), and that whatever success the mother may have enjoyed in stabilizing her own life in California (she has remarried and has a child by the new husband) must give way to the overriding and, based on the psycho-

logical reports, urgent need not to subject the children to further disloca-
tion. The mother's contention that she has been denied access to the chil-
dren without fault on her part finds a modicum of support in isolated inci-
dents, such as the father's alleged refusal to let her see the children on one
of her brief sojourns to Massachusetts unless she should first agree to rec-
oncile with him, and in the Department's unwillingness in the last months
before trial to let her visit or telephone the children in their foster homes,
the Department having by then abandoned attempts to prepare the
mother for resumption of maternal responsibility. The suggestion that
the children should be transferred to the custody of the California Depart-
ment so as to enable the mother to have easier access to them is neither
pertinent to the question whether they are in need of care and protection
nor consistent with the judge's well supported conclusion that the para-
mount interest of the children lies in not being uprooted again.

We note and deplore the fact that this appeal was not entered in this
court until August, 1983, a year and one-half after the entry of the judg-
ment appealed from. (It was not ready for argument until November 21,
1983). Much of the delay appears to be attributable to the mother or her
counsel, although the Department and the judge might have taken a more
active role in speeding the appellate process. If the judgment were not
being affirmed, it would have been necessary by virtue of the obsolescence
of the findings to remand for further hearings and additional findings.
Compare *Custody of a Minor,* 389 Mass. at 764. Our affirmation, of
course, establishes only that the judgment was correct when entered based
on conditions then obtaining. It does not preclude proceedings under the
final paragraph of G. L. c. 119, § 26, based on changes in conditions since
that time. *Custody of a Minor (No. 2),* 378 Mass. 712, 718 n.2 (1979).

*Judgment affirmed.*

*William F. Donnelly* for the mother.
*Deborah L. Propp* for Department of Social Services.